# United States District Court
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| JONATHAN MAXWELL | § |
| | § |
| v. | § |
| | § CIVIL ACTION NO. 3:20-CV-03581-S |
| MESQUITE INDEPENDENT SCHOOL DISTRICT | § |
| | § |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint and Brief ("Motion") [ECF No. 24]. Having considered Plaintiff's Second Amended Complaint [ECF No. 23], the Motion, Plaintiff's Response in Opposition to Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint for Failure to State Claims ("Response") [ECF No. 26], Defendant's Reply to Plaintiff's Response to Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint [ECF No. 30], and the exhibits filed in support of the Second Amended Complaint and Motion, the Court **GRANTS** the Motion.

### I. BACKGROUND[1]

This case concerns the termination of Plaintiff Jonathan Maxwell's at-will employment from Mesquite Independent School District ("Defendant" or "School District"). Plaintiff alleges he was terminated because of three social media posts that he made. 2nd Am. Compl. ¶¶ 9, 12. As a result, Plaintiff filed this lawsuit claiming he was retaliated against for exercising his rights under the First Amendment.

The Court previously granted Defendant's Motion to Dismiss Plaintiff's First Amended Complaint and Brief [ECF No. 13] and dismissed Plaintiff's sole claim for municipal liability

---

[1] A more detailed summary of the procedural and factual background is set forth in this Court's previous Memorandum Opinion and Order [ECF No. 22].

under 42 U.S.C. § 1983. *See* Sept. 19, 2021 Mem. Op. & Order [ECF No. 22]. The Court found that Plaintiff failed to sufficiently plead facts indicating that the decision to terminate him was an official policy of Defendant. *See id.* at 6-9. The Court also found that Plaintiff's description of his social media posts as "political" and "deal[ing] with race" was insufficient to show that the posts constituted speech on a matter of public concern. *See id.* at 9-11. After obtaining leave of Court, Plaintiff filed the Second Amended Complaint, which is the live complaint before the Court.

In the Second Amended Complaint, Plaintiff repleads his § 1983 municipal liability claim against Defendant. 2nd Am. Compl. ¶¶ 17-25. Plaintiff reasserts the allegation that Defendant's Board of Trustees ("Board") "delegated the authority of employee termination to [the Superintendent of Schools]," but alleges for the first time that this delegation was pursuant to the School District policy titled "DC (Local)" ("Policy DC"). *Id.* ¶ 15. Policy DC states that "[t]he Board delegates to the Superintendent final authority to employ and dismiss noncontractual employees, including temporary and part-time employees, on an at-will basis." ECF No. 25 at 14. Importantly, Policy DC expressly references the School District policy titled "DCD" ("Policy DCD"), *id.*, which states that "[a] dismissed employee may request to be heard by the Board in accordance with DGBA(LOCAL)" ("Policy DGBA") *Id.* at 6. Policy DGBA, in turn, outlines the School District's grievance process which ends with review by the Board. *See id.* at 5-11. Once an appeal reaches the Board, the Board must consider the dismissed employee's complaint and render a decision. *Id.* at 13.[2] Plaintiff does not allege whether he requested to have his termination reviewed.

---

[2] The aforementioned policies are attached as exhibits to the Motion. In his Response, Plaintiff moves to strike these exhibits. *See* Resp. 3. But because the policies are referred to in the Second Amended Complaint and are central to Plaintiff's claim, the Court **DENIES** Plaintiff's motion to strike. *See Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 546 (5th Cir. 2010).

In addition, Plaintiff now alleges that his termination was the policy of Defendant that violated his constitutional rights. 2nd Am. Compl. ¶ 16. Plaintiff also identifies Superintendent of Schools David Vroonland ("Vroonland") as the one who "terminated Plaintiff's employment." *Id.* ¶ 14. According to Plaintiff, Vroonland was the one who promulgated the decision because the letterhead on the termination letter "showed Mesquite Independent School District and David Vroonland, Superintendent of Schools." *Id* ¶¶ 13-14. Thus, Plaintiff concludes that "[t]he decision to terminate Plaintiff's employment was made by an authorized policymaker, who had final authority regarding the firing of noncontractual employees." *Id.* ¶ 24. Alternatively, Plaintiff alleges that the Board "ratified the policy to terminate Plaintiff in violation of Plaintiff's protected rights when the Board delegated the final authority of non-contractual employee termination to [Vroonland,] the . . . Superintendent." *Id.* ¶ 15. Finally, Plaintiff describes the contents of the three social media posts and includes screenshots of the posts as an attachment to his complaint. *See id.* ¶ 9; ECF No. 23-1.

Defendant now moves to dismiss Plaintiff's § 1983 claim under Federal Rule of Civil Procedure 12(b)(6), arguing that Plaintiff fails to adequately allege an official policy that resulted in a deprivation of his constitutional rights. Defendant also argues that Plaintiff fails to sufficiently plead a substantive element of a First Amendment retaliaton claim.

## II.   LEGAL STANDARD

To defeat a motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008). To meet this "facial plausibility" standard, a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plausibility does not require

probability, but a plaintiff must establish "more than a sheer possibility that a defendant has acted unlawfully." *Id.* The court must accept well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins.*, 509 F.3d 673, 675 (5th Cir. 2007). However, the court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007) (citation omitted). A plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (internal citations omitted).

In ruling on a Rule 12(b)(6) motion, the court limits its review to the face of the pleadings. *See Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). The pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). However, the court may also consider documents outside of the pleadings if they fall within certain limited categories. The court can "rely on 'documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.'" *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)). The court can also consider "documents attached to a motion to dismiss that 'are referred to in the plaintiff's complaint and are central to the plaintiff's claim.'" *Sullivan*, 600 F.3d at 546 (quoting *Scanlan v. Tex. A & M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003)).

The ultimate question is whether the complaint states a valid claim when viewed in the light most favorable to the plaintiff. *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*,

4

313 F.3d 305, 312 (5th Cir. 2002). At the motion to dismiss stage, the court does not evaluate the plaintiff's likelihood of success. It only determines whether the plaintiff has stated a claim upon which relief can be granted. *Mann v. Adams Realty Co.*, 556 F.2d 288, 293 (5th Cir. 1977).

### III.   ANALYSIS

To state a claim under § 1983, a plaintiff must allege facts showing that he has been deprived of a right secured by the Constitution and the laws of the United States, and that the deprivation occurred under color of state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005). A municipal entity, such as an independent school district, cannot be held vicariously liable under § 1983 for the individual acts of its employees. 42 U.S.C. § 1983; *see Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 403 (1997); *Doe on Behalf of Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). "It is only when the 'execution of the government's policy or custom . . . inflicts the injury' that the municipality may be held liable." *City of Canton v. Harris*, 489 U.S. 378, 385 (1989) (citations omitted). Therefore, to impose § 1983 liability on Defendant, Plaintiff must sufficiently allege the existence of (1) a policymaker, (2) an official policy or custom, and (3) a violation of constitutional rights whose "moving force" is the policy or custom. *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001) (quoting *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 694 (1978)).

Plaintiff does not assert that Defendant has a written policy or unwritten custom that caused him constitutional harm. Instead, he argues that Vroonland's single termination decision constitutes a policy of Defendant. It is well-established that a single unconstitutional action by a municipal actor may give rise to municipal liability if that actor is a final policymaker. *See Woodard v. Andrus*, 419 F.3d 348, 352 (5th Cir. 2005). Accordingly, the Court must "identify those officials or governmental bodies who speak with final policymaking authority for the local

governmental actor concerning the action alleged to have caused the particular constitutional or statutory violation at issue." *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 737 (1989).

Whether an official is a policymaker is a question of state and local law. *See City of St. Louis v. Praprotnik*, 485 U.S. 112, 123-25 (1988). "Under Texas law, the final policy-making authority in an independent school district rests with the district's board of trustees." *Eugene v. Alief Indep. Sch. Dist.*, 65 F.3d 1299, 1304 (5th Cir. 1995); *see* TEX. EDUC. CODE. § 11.151(b) ("[T]he trustees as a body corporate have the exclusive power and duty to govern and oversee the management of the public schools of the district."). Nonetheless, a policymaker may delegate policymaking authority, either expressly or impliedly. *See Webb v. Town of Saint Joseph*, 925 F.3d 209, 215 (5th Cir. 2019). The question, then, is whether the Board delegated to Vroonland policymaking authority over noncontractual employee terminations. The Court finds that it did not.

Not all delegations of authority are delegations of policymaking authority. The Fifth Circuit has "long recognized that the 'discretion to exercise a particular function does not necessarily entail final policymaking authority over that function." *Valle v. City of Houston*, 613 F.3d 536, 542-43 (5th Cir. 2010) (quoting *Bolton v. City of Dallas*, 541 F.3d 545, 549 (5th Cir. 2008) (per curiam)). Review procedures of the delegator can be relevant to determining whether a delegee is a final policymaker or is instead merely a decisionmaker. *See Gelin v. Hous. Auth. of New Orleans*, 456 F.3d 525, 530 (5th Cir. 2006) (collecting cases). "The mere existence of oversight, however, is not enough; the oversight must pertain to the area of authority in question." *Beattie v. Madison Cnty. Sch. Dist.*, 254 F.3d 595, 603 (5th Cir. 2001).

Here, the Board delegated to Vroonland the authority to terminate noncontractual employees, such as Plaintiff. *See* ECF No. 25 at 14. But Policy DCD unequivocally states that

6

"[a] dismissed employee may request to be heard by the Board in accordance with DGBA(LOCAL)." *Id.* at 6. Policy DGBA provides that at the final level of the review process, the Board must consider a terminated employee's complaint and render a decision on that complaint. *Id.* at 13. Thus, the Board oversees the exact area of authority that is in question.

The Court finds that Plaintiff has not pleaded sufficient facts to show that Vroonland was a policymaker with respect to his authority to terminate noncontractual employees. *See Beattie*, 254 F.3d at 603 (holding that "[b]ecause the board oversaw the precise action in question" (the termination decision), the superintendent did not have final policymaking power). Whether the Board actually reviewed Vroonland's decision to terminate Plaintiff makes no difference. It is the "existence of" meaningful review that determines whether Vroonland was a policymaker. *Worsham v. City of Pasadena*, 881 F.2d 1336, 1340-41 (5th Cir. 1989); *see also Praprotnik*, 485 U.S. at 127 ("When a subordinate's decision is *subject to* review by the municipality's authorized policymakers, they have retained the authority to measure the official's conduct for conformance with *their* policies." (first emphasis added and second emphasis in original)); *cf. Brady v. Ft. Bend Cnty.*, 145 F.3d 691, 700 (5th Cir. 1998) (finding that a sheriff was a final policymaker where his exercise of discretion was "unreviewable by any other official or governmental body in the county").

Nonetheless, Vroonland's termination decision might still be considered an official policy of Defendant under a theory of ratification. Ratification occurs when a policymaker "confirms, adopts, or fails to repudiate the acts" of a non-policymaking employee. *Prunty v. Arkansas Freightways, Inc.*, 16 F.3d 649, 653 (5th Cir. 1994). "If the authorized policymakers approve a subordinate's decision and the basis for it, their ratification would be chargeable to the municipality because their decision is final." *Praprotnik*, 485 U.S. at 127. As previously stated,

7

under Texas law, the Board is Defendant's policymaker. *See Eugene*, 65 F.3d at 1304; TEX. EDUC. CODE. § 11.151(b).

Plaintiff asserts that the Board "ratified the policy to terminate Plaintiff in violation of Plaintiff's protected rights when the Board delegated the final authority of non-contractual employee termination to [Vroonland]." 2nd Am. Compl. ¶ 15. In essence, Plaintiff argues that the Board prospectively ratified future termination decisions by delegating authority to Vroonland. But Vroonland's decision can be an official policy of Defendant only if the Board approved that "decision and the basis for it." *Okon v. Harris Cnty. Hosp. Dist.*, 426 F. App'x 312, 317 n.10 (5th Cir. 2011) (per curiam); *see also Culbertson v. Lykos*, 790 F.3d 608, 621 (5th Cir. 2015) ("If a final policymaker approves a subordinate's recommendation and also the subordinate's reasoning, that approval is considered a ratification chargeable to the municipality."). It is axiomatic that "before one can ratify an act so that it becomes his own, he must know of the act with which he is charged." *Prunty*, 16 F.3d at 654. Plaintiff makes no attempt to allege that the Board even knew of the termination decision. Indeed, Plaintiff does not allege that he requested the Board to review his termination pursuant to Policy DCD. Under these circumstances, it cannot be said that the Board approved the decision to terminate Plaintiff and the basis for it. Accordingly, the Court finds that Plaintiff has failed to sufficiently plead facts indicating that Defendant's policymaker ratified Vroonland's actions.

In sum, Plaintiff fails to sufficiently allege that Vroonland was a policymaker or that the Board ratified Vroonland's termination decision. The Court therefore finds that Plaintiff has not pleaded sufficient facts to show that Plaintiff's termination was an official policy of Defendant. *See Davidson v. City of Stafford*, 848 F.3d 384, 395 (5th Cir. 2017) (stating that to be an official policy of a municipality, the policy must be promulgated by the municipal policymaker). Because

Plaintiff fails to adequately plead an official policy, the Court need not address whether Plaintiff sufficiently alleged a constitutional violation. *See Gomez v. Galman*, 18 F.4th 769, 777 (5th Cir. 2021).

## IV.   CONCLUSION

Accepting well-pleaded facts as true and viewing them in the light most favorable to Plaintiff, the Court **GRANTS** Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint and Brief [ECF No. 24].

Ordinarily, a court should not dismiss a claim that fails to meet the pleading requirements "without granting leave to amend, unless the defect is simply incurable or the plaintiff has failed to plead with particularity after repeated opportunities to do so." *Hart v. Bayer Corp.*, 199 F.3d 239, 248 n.6 (5th Cir. 2000). Even if Plaintiff sought leave to amend, which he has not, he has already amended his complaint twice, with the benefit of two motions to dismiss and this Court's previous Memorandum Opinion and Order [ECF No. 22]. The allegations against Defendant in the Second Amended Complaint do not differ significantly from those in the First Amended Complaint. It follows that the Second Amended Complaint should reflect Plaintiff's best efforts to state a claim against Defendant. And since the Second Amended Complaint still does not allege sufficient facts, granting leave for further amendment is futile. Plaintiff's Second Amended Complaint is therefore **DISMISSED WITH PREJUDICE**.

**SO ORDERED.**

SIGNED July 1, 2022.

**KAREN GREN SCHOLER**
**UNITED STATES DISTRICT JUDGE**